**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7331**

ROBERT STEVEN JOYCE,

        Petitioner - Appellant,

    v.

WARDEN RANDALL MATHENA,

        Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Norman K. Moon, Senior District Judge. (7:14-cv-00348-NKM-RSB)

Submitted: January 19, 2016      Decided: February 25, 2016

Before KING, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert Steven Joyce, Appellant Pro Se. Craig Stallard, Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Steven Joyce seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Joyce's convictions arose from an altercation with Jesse Adams at the apartment of Martha Stultz; Adams was seriously injured during the altercation. At a bench trial, Joyce testified that Adams had assaulted him and that he was acting in self-defense, while Adams and Stultz testified that Joyce attacked Adams without provocation. The trial court convicted

2

Joyce and sentenced him to 27 years' imprisonment, with half of the sentence suspended.

Joyce filed a state habeas petition arguing that counsel was ineffective for failing to perfect his appeal and for failing to cross-examine Stultz and Adams regarding their alleged drug use on the night of the offense. The state court granted the petition with respect to counsel's failure to perfect Joyce's appeal, denied it on the merits with respect to counsel's cross-examination of Stultz and Adams, and granted Joyce a delayed appeal. The Virginia Court of Appeals denied Joyce's direct appeal, and the Supreme Court of Virginia denied Joyce's petition for certiorari and petition for rehearing.

Joyce later filed a second state habeas petition asserting several claims, including that trial and appellate counsel were ineffective. The state court found that Joyce's ineffective assistance of appellate counsel claims were meritless, and that his remaining claims were procedurally defaulted because he did not assert them in his first habeas petition. See Va. Code Ann. § 8.01-654(B)(2) (2015). The Supreme Court of Virginia dismissed Joyce's petition for appeal and petition for rehearing.

Joyce's § 2254 petition asserted five claims that trial counsel was ineffective. The district court dismissed this petition, finding that the state court's holding that Joyce's

3

claims were procedurally defaulted constituted an adequate and independent state ground for dismissing these claims and that Joyce had not shown sufficient prejudice to overcome the default.

"Federal courts will not review a question of federal law decided by a state court if the state court's decision rests on an independent and adequate state law ground." Prieto v. Zook, 791 F.3d 465, 468 (4th Cir.) (internal quotation marks omitted), cert. denied, 136 S. Ct. 28 (2015). "[W]e have held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision." Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (en banc). "A habeas petitioner can rescue his constitutional claim from procedural default if he establishes either 'cause and prejudice' for the default or that the default would yield a 'fundamental miscarriage of justice.'" Prieto, 791 F.3d at 469.

Joyce argues that, under Martinez v. Ryan, 132 S. Ct. 1309 (2012), the absence of counsel in his PCR proceedings provided cause for his procedural default.

> Martinez held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the cause for default consists of there being no counsel or only ineffective counsel

4

during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014) (brackets and internal quotation marks omitted), cert. denied, 135 S. Ct. 1530 (2015); see also Prieto, 791 F.3d at 469 ("[C]onstitutionally ineffective assistance of counsel may provide 'cause' for a procedural default."). The district court found that Joyce had likely shown cause for his default but had not shown prejudice because his ineffective assistance claims were meritless in light of the overwhelming evidence against him. Although the district court did not expressly apply the Martinez framework, its finding that Joyce's claims were plainly meritless amounts to a finding that they were not substantial.

On appeal, Joyce argues that trial counsel failed to adequately impeach Stultz and Adams "by pointing out their perjury as depicted in [the] Statement of Facts." Joyce appears to be renewing the argument he raised below-that these witnesses gave testimony at a pretrial hearing that differed from their trial testimony. However, Joyce does not indicate how the witnesses' trial testimony differed from their pretrial testimony or give any indication that such differences were substantial enough to effectively impeach them. Indeed, the

5

district court noted that there were minor inconsistencies in the witnesses' testimony at trial, but the trial judge apparently found the witnesses credible despite these inconsistencies. Accordingly, we conclude that the district court's finding that this claim was insubstantial is not reasonably debatable.

Joyce also argues that trial counsel failed to introduce evidence that Joyce was assaulted. The only such evidence that Joyce cites is his mugshot. The district court found that this mugshot, which only shows "a small blemish in the middle of [Joyce's] forehead," was not probative enough for its omission to substantiate a claim of ineffective assistance. Having reviewed this evidence, we conclude that the district court's finding is not reasonably debatable.[*]

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] Joyce also argues that the trial court denied him his right to counsel of his choice. This claim was not raised below, and we will not consider it for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).